**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-08-0307-PHX-FJM (ECV) |
| Plaintiff, ) | **MENTAL TREATMENT** |
| ) | **AND TRANSPORTATION** |
| vs. ) | **ORDER** |
| ) | |
| Craig Miller, ) | |
| Defendant. ) | |

This is the time set for status hearings re: mental competency and detention.[1] The Government is represented by AUSA Sharon Sexton. Defendant is present and is represented by counsel, Eugene Marquez. Proceedings are electronically recorded.

On May 28, 2008, the undersigned Magistrate Judge granted defense counsel's Motion for Determination of Competency. (docket # 24) Defendant was timely evaluated for mental competency by Kathryn A. Menendez, Ph.D., a Board certified psychologist in Phoenix. Both counsel represent that they have reviewed a copy of Dr. Menendez' sealed forensic psychiatric report, dated July 25, 2008, which concludes that Defendant "is incompetent to proceed . . . [but Dr. Menendez] believe[s] that Mr. Miller can be restored within a reasonable time. . . ." (sealed docket # 36 at 7 - 8)

---

[1] In light of Dr. Menendez' report and findings, this Magistrate Judge recommends that Defendant be re-arraigned if restored to competency.

The Government's counsel orally moves that Defendant be hospitalized by the Bureau of Prisons ("BOP") and medical efforts and treatment undertaken to restore Defendant to competency. Defense counsel concurs in the oral motion. Both counsel expressly consent on the record that the undersigned may enter the appropriate order pursuant to 28 U.S.C. § 636(b)(1)(A) and (b)(3), LRCrim 57.6(d)(8),[2] and the broad interpretation recently given 28 U.S.C. § 636(b)(3)[3] by the Supreme Court in *Gonzalez v. United States*, ___ U.S. ___, 128 S.Ct. 1765 (2008) (express consent by counsel suffices to permit United States magistrate judge to preside over jury selection in felony trial).

There being no opposition to the oral motion by Government's counsel and it likely that Defendant is suffering from a mental disease or defect,

**IT IS ORDERED** that the Government's oral motion for hospitalization and treatment is **GRANTED**. Pursuant to 18 U.S.C. § 4241(b) and (d)(1), Defendant is hereby committed to the custody of the Attorney General for hospitalization and psychiatric treatment in a suitable health care facility for a reasonable period of time, **not to exceed four (4) months**, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the mental capacity to permit these criminal proceedings to proceed; and for such an additional reasonable period of time upon timely written request by the health care facility for good cause shown until Defendant's mental condition is so improved that court proceedings may proceed against him according to federal law, whichever is earlier.

---

[2] Local Rule 57.6(d)(8) provides:
> (8) Enter orders for examination to determine mental competency; hold hearings and conduct examinations to determine mental competency; and enter orders determining mental competency except any motion to involuntarily medicate a defendant in an effort to restore competency.

LRCrim 57.6(d)(8)

[3] Title 28 U.S.C. § 636(b)(3) indicates that "(3) A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3)

In an effort to facilitate and expedite BOP's treatment of Defendant and thereby reduce the cost and amount of time Defendant remains at its medical facility, the Bureau of Prisons and its medical personnel may obtain copies of Dr. Menendez' sealed forensic mental competency evaluation, dated July 25, 2008, and Defendant's numerous prior psychiatric and medical records by contacting defense counsel, Eugene Marquez, directly at (602) 631-9595 (phone) and (602) 274-8585 (fax).

A psychiatric or psychological report shall be timely filed with the Court pursuant to the provisions of § 4247(b) and (c), advising, at a minimum, (1) whether Defendant has been restored to competency, (2) whether Defendant has voluntarily taken medication and, if so, the identity and dosage of such medication that will maintain Defendant's competency *pendente lite*, (3) if Defendant has not been restored to competency, a medical recommendation on future treatment or other disposition in accordance with federal law, and (6) whether Defendant presents a danger to the community.

**IT IS FURTHER ORDERED** that Defendant shall not be involuntarily medicated, absent his express consent, absent the existence of a true emergency solely for the safety of Defendant or BOP's medical personnel in BOP's independent medical judgment or upon further order of the assigned District Judge, the Honorable Frederic J. Martone.

**IT IS FURTHER ORDERED** that upon Defendant's restoration of competency and return to the District of Arizona for further court proceedings, the U.S. Marshal Service shall obtain a written list of all prescription medications, if any, including all psychotropic drugs and their dosages administered to Defendant at discharge from his hospitalization and treatment and a copy of Defendant's chronological ("chrono") prescription drug history at the subject health care facility and shall provide said records to Corrections Corporation of America ("CCA"), Central Arizona Detention Center, on or before Defendant's physical return so that Defendant does not decompensate during the transition back to CCA.

**IT IS FURTHER ORDERED** that Defendant shall remain temporarily detained until further order of the Court.

**IT IS FURTHER ORDERED** that for purposes of judicial continuity, this matter is placed on the undersigned's calendar, rather than the criminal duty magistrate judge's, for status conferences re: mental competency and detention for **Monday, December 8, 2008 at 1:30 p.m.**

DATED this 5th day of August, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge

cc: E-mailed the USMS order on 8/6/08. smh